637 A.2d 1246

## IN THE MATTER OF THE ADOPTION OF REGULATIONS GOVERNING THE STATE HEALTH PLAN, N.J.A.C. 8:100, ET SEQ.

Argued September 27, 1993—Decided February 28, 1994.

*Mark J. Fleming,* Deputy Attorney General, argued the cause for appellant, State of New Jersey, Department of Health (*Fred DeVesa,* Acting Attorney General of New Jersey, attorney; *Joseph L. Yannotti,* Assistant Attorney General, of counsel; *Donald M. Palombi,* Deputy Attorney General, on the brief).

*Frank R. Ciesla* argued the cause for respondent, New Jersey Hospital Association (*Giordano, Halleran & Ciesla,* attorneys; *Elizabeth Dusaniwskyj,* on the brief).

The opinion of the Court was delivered by

POLLOCK, J.

■ The general issue is whether the Legislature may adopt a statutory amendment that prohibits an agency from adopting regulations that conflict with the amendment. More specifically, the issue concerns the constitutionality of an amendment to *N.J.S.A.* 26:2H–5.8(a) (codified as *L.* 1992, *c.* 31), a subsection of the Health Care Cost Reduction Act (the Act). The amendment restricts the authority of the Department of Health (the Department or DOH) to adopt regulations pertaining to the State Health Plan.

Before the amendment, the Act provided that the Plan would serve as "the basis upon which all certificates of need applications shall be approved," *L.* 1991, *c.* 187, § 34, and that "[n]o certificate of need shall be issued unless the action proposed in the application for such certificate is consistent with the health care needs identified in the State Health Plan...." *L.* 1991, *c.* 187, § 31. The certificate of need is a legislative device for controlling the construction and expansion of health-care facilities. *N.J.S.A.* 26:2H–7. By the grant or denial of such certificates, DOH fulfills the legislative policy "that hospital and related health care services of the highest quality, of demonstrated need, efficiently provided and properly utilized at a reasonable cost are of vital concern to the public health." *N.J.S.A.* 26:2H–1.

The challenged statutory amendment relegates the plan to "an advisory document which may be considered when certificate of need applications are reviewed for approval." *L.* 1992, *c.* 31, § 1; *N.J.S.A.* 26:2H–5.8(a). It further prohibits the Department from adopting "any regulation which implements any goals, objectives or any other health planning recommendations that have been included in the State Health Plan." *Ibid.*

■ Underlying the conflict between the amendment and the regulations is the question whether the Legislature or the Department has the ultimate responsibility for the State Health Plan. We hold that as between the Legislature and the Department, the

Legislature has the power to formulate state policy on the controversial issue of health-care planning. Our recognition of the Legislature's authority, however, should not be construed as endorsing its plan over that of the Department.

In a well-reasoned opinion by Judge Skillman, the Appellate Division reached the same conclusion. 262 *N.J.Super.* 469, 621 *A.*2d 484 (1993). We granted the State's petition for certification, 133 *N.J.* 442, 627 *A.*2d 1147 (1993), and now affirm substantially for the reasons stated by the Appellate Division.

To those reasons, we add the following observations. The activities of state government are so numerous and so complex that the Legislature has prudently delegated regulation of them to various state departments, such as DOH. State government could not meet its responsibility to the public without those departments. As a practical matter, the departments need to adopt regulations to discharge their delegated responsibilities. On rare occasions, a department will adopt regulations that reflect a different policy choice from that of the Legislature. When such cases arise, they remind us of fundamental principles of separation of powers.

Administrative agencies owe their existence to the Legislature, which retains plenary power over them. Thus, if the Legislature concludes that it "has given away too much power, it may by statute take it back or may in the future enact more specific delegations." *Consumer Energy Council of Am. v. Federal Energy Regulatory Comm'n,* 673 *F.*2d 425, 476 (D.C.Cir.1982), *aff'd without opinion sub nom. Process Gas Consumers Group v. Consumer Energy Council of Am.,* 463 *U.S.* 1216, 103 *S.Ct.* 3556, 77 *L.Ed.*2d 1402 (1983). Additionally, the Legislature may limit an agency's authority in specified areas. *See Immigration & Naturalization Serv. v. Chadha,* 462 *U.S.* 919, 953 n. 16, 103 *S.Ct.* 2764, 2785 n. 16, 77 *L.Ed.*2d 317, 346 n. 16 (1983) (finding that "[e]xecutive action is always subject to check by the terms of the legislation that authorized it; and if that authority is exceeded it is open to judicial review as well as the power of Congress to modify

or revoke the authority entirely"). Thus, if the Legislature concludes that an administrative regulation exceeds the agency's delegated authority or is contrary to public policy, it may adopt legislation that overrides the regulation. *Kimmelman v. Burgio,* 204 *N.J.Super.* 44, 53, 497 *A.*2d 890 (App.Div.1985).

To the same effect is an amendment to article 5, section 4, paragraph 6 of the New Jersey Constitution, which was adopted in 1992 after the Legislature amended the Act. The constitutional amendment authorizes the Legislature to "review any rule or regulation to determine if the rule or regulation is consistent with the intent of the Legislature as expressed in the language of the statute which the rule or regulation is intended to implement." Under the amendment, if the Legislature finds that "an existing or proposed rule or regulation is not consistent with the legislative intent," it may invalidate that rule or regulation or prevent it from taking effect. Although the amendment to the Act preceded the electorate's approval of the amendment to the Constitution, the constitutional amendment remains a strong statement of the allocation of power between the state department and the Legislature.

■ The Department asserts that in the absence of implementing regulations the Act lacks sufficient standards to satisfy the requirements of due process. We agree with the Appellate Division, however, that the Act "contains general standards to guide the Department's review of certificate of need applications...." 262 *N.J.Super.* at 485, 621 *A.*2d 484. *N.J.S.A.* 26:2H–8, as amended by chapter 31, provides:

> No certificate of need shall be issued unless the action proposed in the application for such certificate is necessary to provide required health care in the area to be served, can be economically accomplished and maintained, will not have an adverse economic or financial impact on the delivery of health care services in the nation or Statewide, and will contribute to the orderly development of adequate and effective health care services. In making such determinations there shall be taken into consideration (a) the availability of facilities or services which may serve as alternatives or substitutes, (b) the need for special equipment and services in the area, (c) the possible economies and improvement in services to be anticipated from the operation of joint central services, (d) the adequacy of financial resources and sources of present and future revenues, (e) the availability of sufficient manpower in the several professional disciplines, and (f) such other factors as may be

established by regulation. The State Health Plan may also be considered in determining whether to approve a certificate of need application.

In the case of an application by a health care facility established or operated by any recognized religious body or denomination the needs of the members of such religious body or denomination for care and treatment in accordance with their religious or ethical convictions may be considered to be a public need.

Subsections (a) to (e) provide general standards to guide the Department. Subsection (f), moreover, permits the Department to adopt limited regulations. The subsection continues by stating that "[t]he State Health Plan may also be considered in determining whether to approve a certificate of need application." We conclude that the express statutory standards, the delegated authority to adopt non-conflicting regulations, and the permission to consider the State Health Plan constitute sufficient safeguards to withstand the Department's due-process challenge.

Few issues are more controversial than the regulation of health care. Health-care reform is now a matter of paramount national concern. *See generally Health Security: The President's Health Care Plan* (1993) (emphasizing need for and benefits of sweeping health-care changes). The Department has conscientiously served the cause of health care. Although its commitment to the formulation of state policy is commendable, any such policy is subject to legislative review.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.